IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>        Plaintiff,<br>   v.<br><br>SERGIO GARCIA, an individual, MARK LOPEZ, an individual, and DOES 1 through 10 inclusive,<br><br>        Defendants. | Case No.: 1:11-cv-00711 AWI JLT<br><br>FINDINGS AND RECOMMENDATION TO REMAND THE MATTER TO THE KERN COUNTY SUPERIOR COURT AND TO DISMISS THE MATTER |

      Sergio Garcia seeks removal of an action from the Kern County Superior Court. (Doc. 1). Currently before the Court is a motion to remand the action filed by plaintiff Federal Home Loan Mortgage Corporation ("Plaintiff"). (Doc. 5). In advance of the hearing, Defendant did not file any opposition to this motion. However, Defendant appeared at the hearing and provided the Court a document opposing the motion that, in essence, sought a preliminary injunction.

      For the following reasons, the Court recommends the motion to remand be **GRANTED**.

**I.  Procedural History**

      Plaintiff commenced this action by filing a complaint for unlawful detainer in Kern County Superior Court against Sergio Garcia and Mark Lopez on February 15, 2011, in case n. (Doc. 5 at 3). On February 17, 2011, defendants Garcia and Lopez filed individual answers to the complaint. *Id*.

Garcia filed a "Petition for Removal" on May 4, 2011, thereby commencing the action in this Court. (Doc. 1). Garcia's Petition for removal reads like a complaint for damages; he asserts numerous "causes of action" related to the foreclosure and sale of the real property at 5500 Dolfield Avenue in Bakersfield, California. Included in his request for damages, Garcia seeks declaratory and injunctive relief; compensatory, punitive, and exemplary damages; quiet title; and an order setting aside the foreclosure sale. *Id.* at 18-19. Garcia argues, "This district Court of the United States has original, concurrent jurisdiction over this cause of action" because "all mortgage issues are Federal bones, which gives Federal Courts [j]urisdiction." *Id.* at 2. Supporting this, Garcia argues the mortgage issues are federal bonds regulated by federal laws, including RESPA, TILA, and the National Banking Act. *Id.*

## II.   Removal Jurisdiction

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. *Id.* at § 1446(b). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute").

The Court may remand an action to state court for lack of subject matter jurisdiction or for defect in the removal procedure. 28 U.S.C. § 1447(c). A party opposing removal on the basis of a

procedural defect must make a motion to remand within thirty days of the filing of the notice of removal. *Id.*

**III.   Discussion and Analysis**

    A.   Removal of the action violates the "rule of unanimity."

In cases involving multiple defendants, such as the current matter, the "rule of unanimity" requires that all defendants must join in a removal petition. *Wisconsin Dept of Corrections v. Schacht*, 524 U.S. 381, 393 (1998), citing *Chicago, Rock Island, & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248 (1900). One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). However, in his notice of removal, Garcia fails to acknowledge his co-defendant, and fails to indicate Lopez joins or consents to the removal. Therefore, the notice of removal is defective.

    B.   Garcia's removal was untimely.

As noted above, a notice of removal must be filed within thirty days of the defendant receiving a copy of the pleading. Specifically, 28 U.S.C. § 1446(b) states,

> The notice of removal of a civil action or proceeding **shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading** setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a **notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable**, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [28 USCS § 1332] more than 1 year after commencement of the action.

*Id.* (emphasis added). According to the state court's records of the proceedings, Garcia was served with the summons and complaint on February 15, 2011, and Lopez was served on February 17, 2011.[1] Where there is more than one defendant, the removal period commences with service on the

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice

1 first party. *Teitelbaum v. Soloski*, F. Supp. 614, 615 (C.D. Cal. 1994) ("Because all defendants must
2 join, the 30-day period for removal commences to run from the date the first defendant receives a
3 copy of the complaint."). Therefore, removal of the action must have been completed within thirty
4 days of service to Garcia, or by March 17, 2011. Consequently, Garcia's removal of the action on
5 May 4, 2011, was untimely.

6   C. The district court lacks subject matter and diversity jurisdiction.

7   As the party seeking removal, Garcia "bears the burden of actually proving the facts to
8 support jurisdiction, including the jurisdictional amount." *Sanchez v. Monumental Life Ins.*, 102
9 F.3d 398, 403 (9th Cir. 1996), *citing Gaus*, 980 F.2d at 677-67. Garcia argues that removal was
10 proper and the Court has jurisdiction over this matter because:

11   12 USC 1452(F) is federal claims, and all mortgage issues are Federal Bonds, which gives Federal Courts Jurisdiction. [Citation] The instruments were regulated by federal
12   RESPA law, TILA and federal national banking laws under the National Banking Act... and the prima facie law, USC Title 12, Banks and Banking.
13

14 (Doc. 1 at 2). However, the determination of federal question jurisdiction "is governed by the 'well-
15 pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question
16 is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392).
17 Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that
18 [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal
19 law." *Willisont Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*,
20 524 F.3d 1090, 1100 (9 th Cir. 2008), quoting *Franchise Tax Bd. v. Constr. Laborers Vacation*
21 *Trust*, 463 U.S. 1, 27-28 (1983).

22   The complaint filed in state court was an action for unlawful detainer. Importantly, an
23 unlawful detainer action does not arise under federal law, but arises instead under state law.
24 *Deutsche Bank Nat'l Trust Co v. Solih Jora*, 2010 U.S. Dist. LEXIS 105453, at *4 (E.D. Cal. Oct. 1,
25 2010). Second, to have diversity jurisdiction, the amount in controversy must exceed the sum or

26 ―――――――――――――――
27 may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). As such, the Internet website for the Kern County Superior Court, containing the
28 court system's records for filings in that court in this case (number S-1500-CL-256882) is subject to judicial notice.

4

value of $75,000.  28 U.S.C. § 1332(a).  However, review of the state court docket indicates the amount sought by Plaintiff in the action was less than $10,000.  Therefore, the Court lacks subject matter and diversity jurisdiction.

**IV.  Findings and Recommendations**

It appears that Garcia's removal was an improper attempt to thwart the state court lawsuit.  Garcia's assertions lack support, and he fails to establish any basis for federal court jurisdiction.  Moreover, Garcia's removal was untimely, and failed to comply with the "rule of unanimity."

Based upon the foregoing, the Court hereby **RECOMMENDS** that:

1. The motion to remand be **GRANTED**;
2. The matter be **REMANDED** to the Kern County Superior Court; and
3. Because the order remanding this matter to state court concludes this case, the Clerk of the Court be ordered to close this matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 13, 2011**                                             /s/ Jennifer L. Thurston
                                                                                       UNITED STATES MAGISTRATE JUDGE