IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>SERGIO GARCIA, an individual, MARK LOPEZ, an individual, and DOES 1 through 10 inclusive,<br><br>　　　　　Defendants. | Case No.: 1:11-cv-00711 AWI JLT<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATION GRANTING THE MOTION TO REMAND THE MATTER TO THE KERN COUNTY SUPERIOR COURT AND TO DISMISS THE MATTER |

　　　　Sergio Garcia ("Garcia") seeks removal of an unlawful detainer action filed in Kern County Superior Court by the plaintiff, Federal Home Loan Mortgage Corporation. (Doc. 1). Garcia seeks to challenge the unlawful detainer action and raises numerous "causes of action" related to the foreclosure of the real property.

　　　　On June 13, 2011, the Magistrate Judge recommended that the plaintiff's motion to remand the matter to Kern County Superior Court be granted. (Doc. 8). The Magistrate Judge found Garcia's removal was procedurally defective because it violated the "rule of unanimity" and was untimely. Further, the Magistrate Judge determined Garcia failed to establish any basis for federal court jurisdiction.

　　　　To remove a case to federal court in cases involving multiple defendants, such as the current matter, the "rule of unanimity" requires that all defendants must join in a removal petition.

*Wisconsin Dept of Corrections v. Schacht*, 524 U.S. 381, 393 (1998), citing *Chicago, Rock Island, & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248 (1900).  The Magistrate Judge found Garcia failed to indicate his co-defendant joins or consents to the removal.  In addition to this defect, the Magistrate Judge found Garcia failed to file his notice of removal within the thirty days required under 28 U.S.C. § 1446(b).

As the party seeking removal to the federal Court, Garcia "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."  *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996), *citing Gaus v. Miles*, 980 F.2d 564, 566-67 (9th Cir. 1992).  The Magistrate Judge found that the underlying complaint in the unlawful detainer action establishes the Court lacks jurisdiction, because an unlawful detainer action arises under state law.  *See  Deutsche Bank Nat'l Trust Co v. Solih Jora*, 2010 U.S. Dist. LEXIS 105453, at *4 (E.D. Cal. Oct. 1, 2010).  Further, to have diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000.  28 U.S.C. § 1332(a).  However, the Magistrate Judge reviewed the state court docket, and found it indicates the amount sought by Plaintiff in the action was less than $10,000.  Therefore, the Magistrate Judge concluded the Court lacks subject matter and diversity jurisdiction.

Although Garcia was granted 21 days from June 13, 2011, or until July 5, 2011, to file objections to the Magistrate Judge's Findings and Recommendations, he did not do so.  Notably, Garcia was advised that failure to file objections within the specified time may waive the right to appeal the Court's order.  (Doc. 8 at 5).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the Court finds that the findings and recommendation are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed June 13, 2011, are

    **ADOPTED IN FULL**;

2. The matter is **ORDERED** to be **REMANDED** to the Kern County Superior Court; and

3. The Clerk of Court **IS DIRECTED** to close this action because this order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: July 7, 2011

CHIEF UNITED STATES DISTRICT JUDGE